GLADNEY, Judge.
This appeal is from a judgment rendered in favor of plaintiff against the defendant for $1,400 representing unpaid rent for the months of April, May, June and July, 1966 due under a contract of lease between Frank Biniores and W. L. Hoffoss. The leased premises included a restaurant, service station, motel and residence known as the Ranch Corral situated on U. S. Highway 80 in Webster Parish. Biniores has appealed from that portion of the decree rejecting his demands for interest, attorney’s fees and for cancellation of the lease. An answer to the appeal by the defendant seeks a reversal of that portion of the judgment decreeing him indebted for $1,400 and condemning him to pay one-half of the court cost.
The written contract entered into between the parties on January 5, 1961 fixed a two year term beginning January 1, 1961 and ending December 31, 1963 with an option clause whereby the lessee could extend the lease from year to year for eight addi.tional years upon giving timely notice prior to the expiration of each lease year. This agreement was in effect on December 12, 1965 when a tornado caused damage which necessitated extensive repairs. Pending restoration of the damaged buildings, partial use of the premises by the lessee prompted him to make payments for such partial use and the sums so made were satisfactory to the lessor. Rent was regarded as paid unto April 1, 1966. Lessor on May 6 brought an action of ejectment alleging default by the lessee in not making any further payments. This suit was dismissed by the court. The judgment so rendered is relied upon by the defendant herein as grounds for a plea of res judicata. The defense, however, does not appear to be seriously urged on this appeal and in our opinion it is not well-founded, as it fails to meet the requirements of LSA-C.C. Arts. 2286 and 3556(31). Before trial the lessee offered to pay the lessor rent due under the lease agreement for the months of August through January, 1967. This offer was declined.
*425 In the month of March lessor began repairs which he contends were completed by the end of that month and the leased premises were then restored to their full use and were ready for occupancy by the lessee. The latter denies this fact and asserts the service station and restaurant were not available for occupancy during April, May, June and July, as some of the repairs were not then finished, because the restaurant failed to meet health requirements and that further delay was caused by the occurrence of a hail storm.
The primary dispute between the lessor and the lessee is whether or not the leased premises were ready for complete occupancy and use on or before April, 1966. The issue presented is purely factual.
The workmen who performed the repairs and Norman A. Thoms and Mrs. Geneva Eidson, who later operated the service station and restaurant, all testified the leased premises were available for occupancy by the lessee as of April ■!, 1966. A preponderance of the evidence supports the ruling of the trial court that the premises could have been used subsequent to April 1 and that lessee should therefore pay rent for the months of April, May, June and July, The objections tendered by lessee fail to disclose omissions by the lessor of a substantial nature and we agree with the trial court that such objections dealt with repairs of a minor nature that should have readily been adjusted by the parties.
Interest and attorneys’ fees should have been allowed on the delinquent rent due for the months of April, May, June and July. The judgment from which appealed will be amended to allow interest and attorneys’ fees on the delinquent rent as provided in the lease contract. It is observed, however, that prior to trial all rent payments that accrued after July, 1966 were repeatedly offered to lessor, but were refused. The trial court was correct in refusing to award interest and attorneys’ fees on these payments, and we find no error in the court’s refusal to order a rescission of the lease.
For the foregoing reasons the judgment is amended to provide:
Defendant, W. L. Hoffoss is hereby declared to be indebted unto plaintiff for the full sum of $1,400, with interest thereon at the rate of 8% per annum on $350 from April 1, 1966; on $350 from May 1, 1966; on $350 from June 1, 1966; on $350 from July 1, 1966 and an attorney’s fee of fifteen (15%) per cent on said amounts. As so amended the judgment is affirmed; cost of this appeal to be paid equally by the plaintiff and the defendant.